## Case No. 15,682.

### UNITED STATES v. McKECHNIE.

[15 Int. Rev. Rec. 8.]

District Court, N. D. New York. 1871.

INTERNAL REVENUE—FERMENTED LIQUORS—SPIGOT HOLES.

At the November term of this court, held at Auburn, N. Y., the United States district attorney, Hon. Richard Crowley, moved the indictment against J. and A. McKechnie, brewers of Canandaigua, who were charged with violations of section 53, Act July 13, 1866, as amended, prohibiting more than one spigot hole in any package of fermented liquors. This provision of the law has been enforced in this district upon all local brewers, some of whom have expended considerable sums in replacing perforated staves and heads, or applying extra iron hoops to cover holes made in casks of ale by their customers. The Messrs. McKechnie have neglected to comply with this requirement of the law altogether, and their ale has several times been detained by officers in consequence, but in all cases has been released without penalty. An instance occurring at Rochester when a cask was returned empty, with a perfect stamp, the liquor having been withdrawn through another spigot hole than that upon which the stamp was affixed, complaint was made and a case made up. in order to test the question whether the law in respect to more than one spigot hole could be enforced. The honorable

commissioner of internal revenue held that it could and must be enforced, reasoning that the law prescribes the manner in which the stamp shall be affixed, viz.: to cover the one spigot hole; and if there were two openings for withdrawing the ale, the stamp could not be affixed in accordance with the law's requirements. District Attorney Crowley held the same view, and having proved his case the decision of the court was asked.

HALL, District Judge, said that he was in doubt as to the true construction of the section (53) in respect of the spigot hole prohibition, and were this a civil action which might be reheard upon appeal from his decision, he would give a judgment for the government; this being a criminal action, admitting of no appeal, he would order a verdict for the defendant, admitting at the same time that his doubts preponderated against the views taken by the commissioner and district attorney as to the prohibitive force of the section. It would seem that some action should now he taken to clear up the verbiage of section 53.